UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Sean Lopes                          Plaintiff,

-against-                           CIVIL RIGHTS COMPLAINT
                                    42 U.S.C. § 1983

STACEY FREDENBURGH, INMATE RECORDS
COORDINATOR, DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, individually
and her official capacity

                    Defendant.



Plaintiff alleges:

### Introduction

1. This is an action pursuant to the Civil Rights Act of 1871 and 42 U.S.C. § 1983 seeking redress for the deprivation of the Plaintiff's 8th and 14th Amendment rights to the United States Constitution. Venue is proper in this District, as all of the acts complained of occurred in the New York State Department of Corrections and Community Supervision for Downstate and Eastern Correctional Facilities.

### Jurisdiction

2. Jurisdiction is proper in this court pursuant to 28 U.S.C. sections 1331 and 1343(a).

3. Venue is proper in this court pursuant to 28 U.S.C. 1391(b).

## Parties

4. Plaintiff **Sean Lopes** is an inmate at **Wallkill** Correctional Facility under the care and custody of the Department of Corrections and Community Supervision ("DOCCS") of the State of New York serving a determinate sentence of imprisonment of **15** years with **5** years Post Release Supervision ("PRS").

5. Defendant Stacey Fredenburgh ("Fredenburgh") is and at all relevant times the Inmate Records Coordinator for the Department of Corrections and Community Supervision.

## Facts

6. Stacey Fredenburgh is the Inmate Records Coordinator for DOCCS whose duty is to issue Time Computation Sheets reflective of inmates' conditional and maximum release dates based on their sentences. Fredenburgh, as is DOCCS policy, intentionally miscalculated Plaintiff's conditional release date pursuant to Penal Law §70.40(1)(b), which statute for calculating conditional release dates for determinate sentences was superseded in 1998 by the enactment of the Post Release Supervision Statute Penal Law §70.45.

7. In 1995 when New York's Legislature enacted Penal Law §70.40(1)(b), which mentioned PRS for determinate sentences, the legislature forgot to enact the PRS statute (Penal Law §70.45) which unintentionally resulted in unsupervised release and

2

expiration of the determinate sentence after serving 6/7 of the sentence with 1/7 off for approved good time credit (Correction Law 803[1][3]).

8. In 1997 New York's Legislature passed the Post Release Supervision statute Penal Law §70.45, which took affect in 1998 and authorized a period of PRS for determinate sentences. Penal Law §70.45(5)(a)(b) (Calculation of Service of Post Release Supervision) states:

(a) A period of post-release supervision shall commence upon the person's release from imprisonment to supervision by the department of corrections and community supervision and shall interrupt the running of the determinate sentence...of imprisonment...the remaining portion of any maximum or aggregate maximum term shall then be held in abeyance until the successful completion of the period of post-release supervision or the person's return to the custody of the department of corrections and community supervision, whichever occurs first.

(b) Upon the completion of the period of post-release supervision, the running of such sentence...shall resume and only then shall the remaining portion of any maximum or aggregate maximum term previously held in abeyance be credited with and diminished by such period of post-release supervision....

9. The enactment of Penal Law §70.45(5)(a)(b) diminished the role of Penal Law §70.40(1)(b) to the extent of authorizing determinate sentences with the possibility of serving 6/7 of the sentence with 1/7 off for good behavior (Correction Law 803[1][3]). Penal Law §70.40(1)(b) calculation must occur in conjunction with and after the provisions of Penal Law §70.45(5)(a) has been performed to arrive at the actual

3

mandatory release date for the portion of the sentence that has to be served in prison, minus the portion of the sentence held in abeyance while serving the term of PRS.

10. The mathematical calculation relevant to determining what portion of the determinate sentence must be held in abeyance is Penal Law §70.45(5)(b), which states that upon the successful completion of PRS the portion of the sentence previously held in abeyance is to **be credited with and diminished by such term of PRS** which satisfies the Sentence and Commitment Order determinate sentence of ___ years.

11. Under Penal Law §70.45(5)(a)(b) calculations, Plaintiff's 15 year determinate sentence with 5 years PRS requires that he serve 6/7 of 10 years (8 years, 6 months, and 29 days with 1/7 off for good time credit allowance) with 5 years held in abeyance as a component of the term of 5 years PRS. Plaintiff has served 8 years and 7 months.

12. Fredenburgh's calculation of Plaintiff's conditional release date pursuant to Penal Law §70.40(1)(b) has caused Plaintiff to serve 6/7 (12 years, 10 months, and 13 days) of his determinate sentence of 15 years.

13. Fredenburgh, as is DOOCS' policy, without legal authority intentionally miscalculates mandatory release dates pursuant to Penal Law §70.40(1)(b) without first performing the mandatory provisions of Penal Law §70.45(5)(a) to arrive at the

4

actual mandatory release date for the portion of the sentence that has to be served in prison, minus the portion of the sentence held in abeyance while serving the period of PRS.

14. Fredenburgh, as is DOOCS' policy, without legal authority intentionally calculates the period of PRS as a consecutive term of imprisonment separate and distinct from the determinate sentence that results in inaccurate mandatory release dates and incarceration beyond the mandatory release provisions of Penal Law 70.45(5)(a) for plaintiff.

15. Fredenburgh, as is DOOCS' policy, does not perform the mandatory calculation provisions of Penal Law 70.45(5)(a)(b) when issuing Time Computation Sheets that results in inaccurate mandatory release dates and incarceration beyond paragraph (a) mandatory release to PRS for plaintiff.

16. Fredenburgh, as is DOOCS' policy, without legal authority intentionally miscalculates mandatory release dates for determinate sentence pursuant to Penal Law 70.40(1)(b) knowing that the statute was superseded in 1998 by the enactment of Penal Law 70.45, which statute's provision for calculation of service of PRS is subdivision (5)(a)(b).

17. The acts and omissions of the defendant alleged in paragraphs 13 through 16 of the complaint together and separately violated plaintiff's 8th Amendment right against

cruel and unusual punishment and his 14th Amendment right to substantive due process.

## Claim for Relief

WHEREFORE, Plaintiff seeks judgment in his favor, including a declaration that the action of the defendant were and are unconstitutional, illegal, void, and that the same were in contravention of Plaintiff's constitutional rights.

Further, Plaintiff seeks judgment in his favor, including an injunction prohibiting the defendant from continuing the acts complained of as unconstitutional, illegal, void, and that the same were and are in contravention of Plaintiff's constitutional rights.

Further, Plaintiff seeks judgment of $5,000,000 for compensatory damages from the defendant and $10,000,000 for punitive damages from the defendant.

Dated: December, 8th, 2021

Respectfully submitted,

*Sean Lopes*
Sean Lopes 14A2371
Wallkill. C. F.
Route 208, Box G
Wallkill, New York, 12589-0286

6

CERTIFICATE OF SERVICE

I, __Sean Lopes__, swear under the penalty of perjury that:

1. On this __8__ day of __December__ 202__1__, I placed within the institutional mailbox at __Wallkill__ Correctional Facility 42 U.S.C. 1983 civil rights complaint to be mailed via U.S. Postal Service to U.S. District Court for the Northern District of New York 100 S. Clinton St., P.O. Box 7367, Syracuse, New York 13261-7367.

Signed __Sean Lopes__

**WALLKILL CORRECTIONAL FACILITY**
ROUTE 208, BOX G
WALLKILL, NEW YORK  12589-0286

NAME: Sean Lopes    DIN: 14A2371

ALBANY NY 120
9 DEC 2021 PM 2 L
CORRECTIONAL FACILITY

NEOPOST
12/09/2021
US POSTAGE $000.73⁰

FIRST-CLASS MAIL

ZIP 12589
041M11280544

DISTRICT COURT
M. DOMURAD, CLERK
DEC 13 2021
RECEIVED

To: U.S District Court
Northern District of New York
100 S. Clinton St., P.O Box 7367
Syracuse 13261-7367

"Legal mail"

"Legal mail"

13261-736767